IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Muhammad Al-Mujahidin, | ) C/A No.  9:14-924-MGL-BM |
| *formerly known as John Hamilton*, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) **REPORT AND RECOMMENDATION** |
| | ) |
| William Davidson; and Andrew Lindemann, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

Plaintiff, Muhammad Al-Mujahidin, formerly known as John Hamilton ("Plaintiff"),

is a state prisoner in the McCormick Correctional Institution of the South Carolina Department of

Corrections in McCormick, South Carolina.  Plaintiff, who is proceeding pro se and in forma

pauperis pursuant to 28 U.S.C. §§ 1915 and 1915A, brings this action under 42 U.S.C. § 1983,

seeking monetary damages and injunctive relief against the Defendants, who are private attorneys

practicing in Columbia, South Carolina, and who currently represent the defendants in other lawsuits

that Plaintiff has brought in federal and state court.

Under established local procedure in this judicial district, a careful review has been

made of the pro se complaint pursuant to the procedural provisions of § 1915, and in light of the

following precedents: Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Estelle v. Gamble, 429

U.S. 97 (1976); Haines v. Kerner, 404 U.S. 519 (1972); and Gordon v. Leeke, 574 F.2d 1147 (4th

Cir. 1978).  Section 1915 permits an indigent litigant to commence an action in federal court without

prepaying the administrative costs of proceeding with the lawsuit.  However, to protect against

possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding

that the action is "frivolous or malicious," "fails to state a claim on which relief may be granted,"



or "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. §1915(e)(2)(B)(i), (ii), (iii).  Hence, under 28 U.S.C. §1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed sua sponte. Neitzke v. Williams, 490 U.S. 319 (1989).

This Court is also required to liberally construe pro se documents, Estelle v. Gamble, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, Hughes v. Rowe, 449 U.S. 5 (1980) (per curiam).  The requirement of liberal construction does not mean, however, that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.  Weller v. Dep't. of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## BACKGROUND

Plaintiff brings this action against Defendants Davidson and Lindemann, attorneys who represent the adverse parties in lawsuits that Plaintiff has filed in this Court and in the Richland County Court of Common Pleas in Columbia, South Carolina.  Plaintiff alleges that

> on or about Jan. 2014 the Plaintiff in this action submitted Plaintiff's Request for Interrogatories and Request for Production of Documents to Def. Davidson who is the counsel of record in [Al-Mujahidin v. McBride, et al.,] Case # 9:13-2[6]7[]1-MGL-BM [D.S.C.] which is before this court.[1]  In violation of the S.C. Rules of Professional Conduct Def. Davidson has refused to present Plaintiffs interrogatories to his client and has instructed his client not to turn over the requested documents which are in his client's possession.  Def. Davidson has been non-responsive to Plaintiff's requests in an attempt to deny Plaintiff his rights under the 1st, 6th, and 14th Amendments of the U.S. Constitution and in violation of the S.C. [and] Fed. Rules [of] Civil Procedure and the S.C. Rules of Professional Conduct.

---

[1] The record in Plaintiff's pending action in this Court, Al-Mujahidin v. McBride, et al., C/A No. 9:13-2671-MGL-BM (D.S.C.), confirms that Defendant Davidson represents the Defendants, Richland County Clerk of Court Jeanette McBride and the Richland County Clerk of Court's Office. See Aloe Creme Laboratories, Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970) ("The District Court clearly had the right to take notice of its own files and records.").



Complaint, ECF No. 1, p. 3.  Plaintiff further alleges that

> on or about July 2012 to the present date Def. Andrew Lindemann instructed the
> Richland Co. Clerk of Court Jeanette McBride (defendant in case # 9:13-2[6]7[]1-
> MGL-BM) not to place any of Plaintiff's motions on the court docket in his pending
> state civil action (C/A No. 05-CP-40-1074) and continues to instruct and advise the
> Clerk to refuse to place Plaintiff's motions before the court.  Def. Lindemann
> represents the defendants in the above civil action.[2]  Defendant Lindemann is in
> violation of Plaintiff's 1st, 6th, and 14th Amend. rights under the U.S. Const. and the
> Rules of Professional Conduct.

Id. at p. 4-5.  Plaintiff seeks "$25,000.00 from each def. In compensatory damages [and] suspension

of both def.['s] license to practice law for one (1) year."  Id. at p. 5.

## DISCUSSION

Federal courts are courts of limited jurisdiction, "constrained to exercise only the

authority conferred by Article III of the Constitution and affirmatively granted by federal statute."

In re Bulldog Trucking, Inc., 147 F.3d 347, 352 (4th Cir. 1998).  Further, since federal courts have

limited subject matter jurisdiction, there is no presumption that the court has jurisdiction.  Pinkley,

Inc. V. City of Frederick, 191 F.3d 394, 399 (4th Cir. 1999) (citing Lehigh Mining & Mfg. Co. v.

Kelly, 160 U.S. 337 (1895).  Accordingly, a federal court is required, sua sponte, to determine if a

valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears."  Bulldog

Trucking, 147 F.3d at 352; see also Fed. R. Civ. P. 12(h)(3) ("Whenever it appears . . . that the court

lacks jurisdiction of the subject matter, the court shall dismiss the action.").

---

[2]  The online record in Al-Mujahidin v. S.C. Dept. of Corrections, et al., C/A No. 2005-CP-
40-1074, confirms that Defendant Lindemann represents the Defendants, the S.C. Department of
Corrections, et al., in Plaintiff's pending state court action.  See Richland County Fifth Judicial
Circuit Public Index http://www5.rcgov.us/SCJDWEB/PublicIndex/CaseDetails.aspx?County
=40&CourtAgency=40002&Casenum=05CP4001074&CaseType=V (last visited Mar. 17, 2014);
Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most
frequent use of judicial notice is in noticing the content of court records.'").

3



Generally, a case can be originally filed in a federal district court only if there is "federal question" jurisdiction under 28 U.S.C. § 1331 or "diversity of citizenship" under 28 U.S.C. § 1332, and "[t]he facts providing the court jurisdiction must be affirmatively alleged in the complaint." Davis v. Pak, 856 F.2d 648, 650 (4th Cir. 1988) (citing McNutt v. General Motors Acceptance Corp., 298 U.S. 178 (1936)). Additionally, although the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure; Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999); and if the court, viewing the allegations in the light most favorable to the plaintiff, finds insufficient allegations in the pleadings, the court will lack subject matter jurisdiction. Id. Such is the case here.

First, there is clearly no basis for a finding of diversity jurisdiction in this case. The diversity statute, 28 U.S.C. § 1332(a), requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00):

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $ 75,000, exclusive of interest and costs, and is between –
>
> (1) citizens of different States[.]

28 U.S.C. § 1332. Complete diversity of parties in a case means that no party on one side may be a citizen of the same state as any party on the other side. See Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 554-55 (2005); Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 372-74 & nn. 13-16. Here, this Court has no diversity jurisdiction under 28 U.S.C. § 1332 over this case because Plaintiff is a citizen and resident of South Carolina and the Defendants are also citizens and residents of South Carolina.



Second, it is also clear that the essential allegations contained in Plaintiff's Complaint are insufficient to show that the case is one "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. That is, the Complaint does not state a claim cognizable under this Court's federal question jurisdiction. Plaintiff asserts that the Defendants violated his civil rights under the First, Sixth, and Fourteenth Amendments and characterizes his Complaint as raising claims pursuant to 42 U.S.C. § 1983. However, the Complaint fails to state any cognizable § 1983 claims against these Defendants. To state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: (1) individual defendant(s) deprived him of a federal right, and (2) did so under color of state law. Gomez v. Toledo, 446 U.S. 635, 640 (1980); see Hall v. Quillen, 631 F.2d 1154, 1155-56 (4th Cir. 1980). Purely private conduct, no matter how wrongful, injurious, fraudulent, or discriminatory, is not actionable under 42 U.S.C. § 1983 or under the Fourteenth Amendment, the two most common provisions under which persons come into federal court to claim that others have violated their constitutional rights. See Lugar v. Edmondson Oil Co., 457 U.S. 922, 936 (1983); Burton v. Wilmington Parking Auth., 365 U.S. 715, 721 (1961).

Here, the Defendants are private attorneys, not state actors, and their actions in representing the adverse parties in Plaintiff's lawsuits in federal and state court do not constitute state action or action under color of state law, as it is well settled that "[a] lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983." Polk County v. Dodson, 454 U.S. 312, 318 (1981). "Although lawyers are generally licensed by the States, 'they are not officials of government by virtue of being lawyers.'" Id. at 319 n.9 (quoting In re Griffiths, 413 U.S. 717, 729 (1973)). An attorney, whether retained, court-appointed, or a public defender, does not act under color of state law when performing



traditional functions as counsel.  See Deas v. Potts, 547 F.2d 800 (4th Cir. 1976) (private attorney); Fleming v. Asbill, 42 F.3d 886, 890 (4th Cir. 1994) ("Private lawyers do not act 'under color of state law' merely by making use of the state's court system."); see also Lugar v. Edmondson Oil Co., 457 U.S. 922, 936 (1982) ("Careful adherence to the 'state action' requirement . . . also avoids imposing on the State, its agencies or officials, responsibility for conduct for which they cannot fairly be blamed.").

In short, considering the totality of the circumstances and assuming the truth of all of the allegations in Plaintiff's Complaint, the Complaint fails to allege any facts that could be liberally construed to show that the Defendants are state actors, or that the Defendants jointly participated with any state actors to violate Plaintiff's constitutional rights.  Accordingly, under 28 U.S.C. § 1915(e)(2)(B)(ii), Plaintiff's Complaint fails to state a claim on which relief can be granted by this Court, because the Complaint fails to allege that Defendants acted "under color of state law," within the meaning of § 1983, to injure the Plaintiff.

## RECOMMENDATION

Based on the foregoing, it is recommended that the Court dismiss the Complaint in this case, without prejudice and without issuance and service of process.

Plaintiff's attention is directed to the important notice on the next page.

March 20, 2014
Charleston, South Carolina

_____
Bristow Marchant
United States Magistrate Judge

6



## Notice of Right to File Objections to Report and Recommendation

The petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk of Court
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

